

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL FRAGADA, | No. 17-55900 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:16-cv-03914-MWF-JPR |
| UNITED AIRLINES, INC., a Delaware corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted January 8, 2019**
Pasadena, California

Before: GRABER and WATFORD, Circuit Judges, and ZOUHARY,*** District Judge.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

*** The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Plaintiff Michael Fragada appeals the summary judgment entered in favor of Defendant United Airlines on his employment discrimination and tort claims, which arose from Plaintiff's termination after he failed a drug test. Reviewing de novo, and viewing the evidence in the light most favorable to the nonmoving party, Albino v. Baca, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc), we affirm.

1. The district court correctly granted summary judgment to Defendant on Plaintiff's claims for disability discrimination under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900–12996. Assuming that Plaintiff qualified as a disabled individual under FEHA and that he exhausted his claim that Defendant regarded him as having a disability, he failed to create a genuine issue of material fact as to whether Defendant's stated reason for firing him—that he failed a drug test, thus violating company policy—was merely a pretext for discrimination. See Guz v. Bechtel Nat'l, Inc., 8 P.3d 1089, 1113–14 (Cal. 2000) (recognizing that California courts have adopted the burden-shifting framework from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), for discrimination claims).

Plaintiff disputes the accuracy of the test results, but he cannot establish pretext merely by showing that Defendant made the wrong decision when it fired him. See King v. United Parcel Serv., Inc., 60 Cal. Rptr. 3d 359, 368 (Ct. App.

2007) ("It is the employer's honest belief in the stated reasons for firing an employee and not the objective truth or falsity of the underlying facts that is at issue in a discrimination case.").  The record reflects that Defendant had a "legitimate, nondiscriminatory reason" for firing Plaintiff, and Plaintiff failed to provide evidence of pretext or a discriminatory motive, so his claims fail.  Guz, 8 P.3d at 1114.

2.  The district court correctly granted summary judgment to Defendant on Plaintiff's FEHA claims for failure to engage in the interactive process and failure to accommodate.  Plaintiff never requested an accommodation from Defendant during his employment, and he testified that he never needed an accommodation to perform his job duties.  One month after Defendant fired him, Plaintiff asked to switch to a desk job, but he admitted that he could still work with heavy equipment without any accommodation.  Because Plaintiff never requested an accommodation or demonstrated any need for an accommodation during his employment, Defendant cannot be liable for failing to engage in the interactive process, Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc., 642 F.3d 728, 742–43 (9th Cir. 2011), or failing to reasonably accommodate Plaintiff, see King, 60 Cal. Rptr. 3d at 374 ("An employee cannot demand clairvoyance of his employer.").

3

3.  The district court correctly granted summary judgment to Defendant on Plaintiff's claim that his termination violated public policy.  This claim is derivative of the FEHA claims, so it fails because those underlying claims fail. Hanson v. Lucky Stores, Inc., 87 Cal. Rptr. 2d 487, 496–97 (Ct. App. 1999).

4.  The district court correctly granted summary judgment to Defendant on Plaintiff's claim for intentional infliction of emotional distress.  Defendant, following its established written policy, fired Plaintiff for failing a drug test that an independent group of medical professionals administered.  That ordinary personnel-management action does not rise to the level of "outrageous conduct beyond the bounds of human decency."  Janken v. GM Hughes Elecs., 53 Cal. Rptr. 2d 741, 756 (Ct. App. 1996).  The record also lacks any evidence that Defendant acted with the intent to cause Plaintiff emotional distress.

5.  The district court correctly granted summary judgment to Defendant on Plaintiff's claim for negligent infliction of emotional distress.  Defendant acted intentionally, not negligently, when it terminated Plaintiff.  See Semore v. Pool, 266 Cal. Rptr. 280, 291 (Ct. App. 1990) ("An employer's supervisory conduct is inherently 'intentional,'" so the challenged conduct "does not support a cause of action for negligent infliction of emotional distress." (internal quotation marks omitted)).

6. The district court correctly granted summary judgment to Defendant on Plaintiff's claim that his termination constituted an unlawful business practice under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. Defendant did not violate FEHA by terminating Plaintiff. Accordingly, Plaintiff's termination did not constitute an unlawful business practice.

**AFFIRMED**.